**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

United States of America,                         Crim. No. 12-197 (7) (RHK)
                                                                    Civ. No. 16-1065 (RHK)
                                Plaintiff,                **MEMORANDUM OPINION
AND ORDER**

v.

Travis Sentell Peeler,

                                Defendant.

---

LeeAnn K. Bell, Kevin S. Ueland, United States Attorney's Office, Minneapolis, Minnesota, for the Government.

Douglas B. Altman, Altman & Izek, Minneapolis, Minnesota, for Defendant.

---

       Following a jury trial in 2013, Defendant Travis Sentell Peeler was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base ("crack"). The Court later sentenced him to a mandatory-minimum term of 10 years' imprisonment. His conviction and sentence were affirmed by the Eighth Circuit on appeal. United States v. Peeler, 779 F.3d 773 (8th Cir. 2015).

       Peeler has now moved under 28 U.S.C. § 2255 to vacate his sentence, asserting ineffective assistance of counsel. Specifically, he notes that before trial, the Government had offered to permit him to plead guilty to a lesser-included offense calling for a five-year mandatory minimum, rather than the ten-year mandatory minimum required by the charge in the Indictment. According to Peeler, however, his trial counsel wrongly informed him that in order to receive this deal, he would be "required to cooperate" with

the Government.  (Mot. at 5.)  "[B]elieving the plea would require him to [cooperate]," he rejected the offer and proceeded to trial.  (Id.)  Yet according to Peeler, after trial had concluded he learned for the first time the plea offer did *not* mandate cooperation; he contends that had he been so advised, "he would have accepted the plea offer and pleaded guilty for half the sente[n]ce imposed after trial."  (Id.)

Although Peeler was proceeding *pro se* when he filed his Motion, the Court later appointed counsel to represent him in these proceedings.  In addition, it held an evidentiary hearing on February 22, 2017, and permitted supplemental briefing addressing the issues raised in the Motion.  Having now carefully considered all of the submissions, the testimony at the hearing, and the remainder of the record, the Court will deny Peeler's Motion.

In order for Peeler to obtain federal habeas relief, he must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel, e.g., Chesney v. United States, 367 F.3d 1055, 1058 (8th Cir. 2004), and generally speaking, allegations that trial counsel were ineffective fall within the "narrow range" of

matters that may be raised in a § 2255 proceeding.  See, e.g., United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007).  Such claims are governed by Strickland v. Washington, 466 U.S. 668 (1984), under which a defendant bears the burden to show (1) his attorney's performance was deficient and (2) the deficiency prejudiced him.  Id. at 687, 694.

It is well-established that the right to effective assistance of counsel extends to plea negotiations.  E.g., Missouri v. Frye, 566 U.S. 133, 144 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985).  Where, as here, a defendant has rejected a plea offer based on purportedly ineffective assistance, he can demonstrate Strickland prejudice only by establishing that "he would have accepted the plea but for counsel's advice, and had he done so he would have received a lesser sentence."  United States v. Norvell, 729 F.3d 788, 795 (8th Cir. 2013) (quoting Wanatee v. Ault, 259 F.3d 700, 704 (8th Cir. 2001)).  The record here belies that conclusion.

As the Government notes, Peeler has maintained his innocence since first being charged in 2012, and he continues to do so today.  He initially asserted innocence when entering a not-guilty plea shortly after he was indicted.  He maintained his innocence at trial, arguing he was not guilty of a conspiracy to distribute drugs because the evidence established, at most, only a buyer-seller relationship.  (See Doc. No. 183.)  The jury rejected that contention and convicted him.[1]  Then, shortly after his conviction but before

---

[1] Though irrelevant to the instant Motion, the Court notes it expressly instructed the jury to distinguish between a conspiracy and a buyer-seller relationship.  (See Doc. No. 187 at 15.)

sentencing, Peeler submitted a letter to the Court strenuously arguing he was not guilty of conspiracy:

> The reason I'm writing is to say the only reason I went to trial is because I was charge[d] with conspiracy. My contention is that I was not [com]plicit in any conspiracy, th[u]s the jury should have been specifically charged for a directed verdict on conspiracy; and [told] in the defense opening and closing statements as to a buyer-seller relationship [], which is wholly different from the conspiracy count. The Government never established that I was selling any drugs as part of some planned enterprise. Where is the evidence of my "planned" role in the purported conspiracy? I'm not guilty as charged!

(2/22/17 Hr'g Gov't Ex. 2.) Peeler renewed this assertion on appeal, which the Eighth Circuit rebuffed when affirming his conviction. Finally, at the evidentiary hearing on the instant Motion, Peeler yet again asserted he was not guilty of conspiracy. The most he would acknowledge was that *the jury* found him guilty; he repeatedly denied that he *actually was part of a conspiracy*:

> Q: You were in a conspiracy with other people to deal drugs?
>
> A: Yeah, I was found guilty of it.
>
> Q: I know you were found guilty of that. . . . I'm asking you, sitting there under oath to tell the Court [the truth,] you were in a conspiracy with other individuals to sell cocaine and crack, right, Mr. Peeler?
>
> A: *No.*
>
> \*   \*   \*
>
> Q: But . . . were [you] in a conspiracy . . . to sell crack and cocaine?
>
> A: Sure.
>
> Q: Yes, you were?
>
> A: I can't say yes and I can't say no.

Q: Well, it's a simple question.

A: *I don't feel that I was.*

\*   \*   \*

Q: I'm showing you what's been marked for identification purposes as Government Exhibit 2. This is a letter from you to Judge Kyle; isn't that right, Mr. Peeler?

A: Correct. . . .

Q: And in this letter you deny being in a conspiracy. Right?

A: Yes.

Q: You say, I wasn't complicit in any conspiracy. Right? . . .

A: Right.

Q: You said that this jury should have been specifically charged for a directed verdict on conspiracy. Right?

A: Yes.

Q: So on December 12th, 2013, you didn't think you were guilty of being in a conspiracy to distribute crack, did you?

A: *I still don't.*

Q: You still don't think you are. In fact, you finish this letter as, "I'm not guilty as charged." Right, sir?

A: Yes.

Q: And that's still your belief today, isn't it?

A: *Of conspiracy, yes.*

(2/22/17 Hr'g Tr. at 12, 14, 28-29 (emphases added).)

Peeler's repeated, consistent denials of guilt scuttle his current Motion. Before the Court may accept a guilty plea from a defendant, it must find there exists a sufficient factual basis for the plea. See Fed. R. Crim. P. 11(b)(3). That would have required Peeler to acknowledge he conspired (agreed) with one or more persons to possess cocaine and crack with the intent to distribute it. Yet, Peeler maintained before and during trial that no such conspiracy existed; persisted in this assertion after he was convicted; and even continued to evade responsibility for the conspiracy at the evidentiary hearing. Hence, the Court does not believe he would have been ready, willing, or able to acknowledge in open court his responsibility for the conspiracy with which he was charged. As succinctly stated by the Eighth Circuit, a "defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003).

The Court need proceed no further. To be sure, for a host of reasons the Court does not find credible Peeler's assertions regarding the purportedly inaccurate information he received from counsel regarding the proposed plea deal.[2] But the Court

---

[2] Among other things, the Court does not believe Peeler refused to plead guilty because of his counsel's (allegedly) erroneous advice. Not only did counsel credibly testify at the hearing that Peeler never expressed interest in a guilty plea (see, e.g., 2/22/17 Hr'g Tr. at 38-39), but Peeler's own words belie his assertion: his December 12, 2013 letter to the undersigned expressly provided that "*the only reason I went to trial is because I was charge[d] with conspiracy*" (2/22/17 Hr'g Gov't Ex. 2 (emphasis added)), a crime for which he continues to maintain his innocence. Nor does the Court find credible Peeler's so-called "belief" he was required to cooperate in order to receive a plea deal. The possible deal was addressed at a status conference shortly before trial on May 14, 2013, without any discussion of cooperation, and the proposed

need not address counsel's performance to resolve the instant Motion. In order to show prejudice under Strickland, Peeler must "demonstrate a reasonable probability [he] would have accepted the [Government's plea] offer" *and* that the Court would have accepted his guilty plea. Frye, 566 U.S. at 147; accord, e.g., Lafler v. Cooper, 566 U.S. 156, 164 (2012). For the reasons stated, he has done neither. Accordingly, his Motion must be denied.

     Finally, the Court anticipates Peeler will seek review of this Order. To appeal a final order in a § 2255 proceeding, a defendant must obtain a Certificate of Appealability, which cannot be granted unless the defendant "has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2) (emphasis added); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). A Certificate of Appealability will not issue simply because an appeal might be pursued in good faith, raising non-frivolous issues. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as a sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, the defendant must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

---

plea agreement – which, again, nowhere mentions cooperation – was mailed to Peeler several weeks earlier. (2/22/17 Hr'g Gov't Ex. 3G.) True, Peeler denied having received this plea agreement, yet at the hearing he did not disclaim it was mailed to the correct address, and he acknowledged receiving other letters from counsel mailed to that address. (See 2/22/17 Hr'g Tr. at 7-8, 10, 21.)

The Court concludes Peeler cannot meet this exacting standard here. His claims have been fully addressed and lack merit; the Court does not believe they are "debatable among reasonable jurists." Id. at 568. Nor has Peeler shown sufficient reason to believe any other court – including the Eighth Circuit – would decide his Motion differently than it was decided here. And he has not identified, and the Court cannot discern, anything novel, noteworthy, or worrisome about his case warranting further review.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Peeler's Motion (Doc. No. 352) under 28 U.S.C. § 2255 is **DENIED**. The Court further **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-1065.

Date: May 16, 2017

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge